**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV613 TIA |
| | ) | |
| UNKNOWN FRANCIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Samuel Lewis Taylor
(registration no. 166914) for leave to commence this action without payment of the
required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma
pauperis is required to pay the full amount of the filing fee.  If the prisoner has
insufficient funds in his or her prison account to pay the entire fee, the Court must
assess and, when funds exist, collect an initial partial filing fee of 20 percent of the
greater of (1) the average monthly deposits in the prisoner's account, or (2) the average
monthly balance in the prisoner's account for the prior six-month period.  After
payment of the initial partial filing fee, the prisoner is required to make monthly
payments of 20 percent of the preceding month's income credited to the prisoner's

account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $.11.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at the Potosi Correctional Center ("PCC"), seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are PCC employees Unknown Francis (Correctional Officer) and Unknown Conrad (Correctional Officer).

Plaintiff complains that officers Francis and Conrad unlawfully searched his cell at PCC in May of 2009 and that "legal documents" were taken during the cell search. Plaintiff states that the "legal documents" taken during the cell search were "disposed of" in violation of his access to courts. Plaintiff claims that of the "legal documents" taken during the cell search, two of the documents were affidavits from fellow prisoners at Southeast Correctional Center. Plaintiff asserts that because these affidavits were destroyed he could not present "evidence that Pamala Swartz was present at Jefferson City Correctional Center (JCCC) on 1-2-2003 and because I could not present such evidence [she] was dismissed as a defendant."[1]

---

[1] The case plaintiff identifies as related to the alleged "missing" documents is one previously brought before this Court, Taylor v. Huffman Phillips, No. 1:06CV72 CAS (E.D. Mo.). The Court takes judicial notice that plaintiff voluntarily dismissed his case against the named defendants in that action on February 5, 2007. In direct contravention to plaintiff's assertions, defendant Swartz was dismissed by this Court

Plaintiff also asserts that during the search of his cell, his crock-pot was damaged, and he appears to be making a state law claim against defendants for lost property in addition to his federal claims.

Plaintiff additionally claims that after his cell was searched he was taken to the "hole" for being "argumentative," and he claims this was "unfair."   He asserts, in a conclusory fashion, that his time in administrative segregation was an "atypical and significant hardship" because he "had no recreation at all."

Plaintiff sues defendants Francis and Conrad in their individual and official capacities, and he seeks both monetary and injunctive relief.

Plaintiff has also attached to his complaint certain documents relating to IRRs and grievances he filed at PCC.  Plaintiff included several additional complaints in the attached IRRs and grievances, although it is not entirely clear whether plaintiff wishes to bring the additional claims before the Court at this time, as none of the additional complaints refer to, or in any way relate to, the named defendants in this action or

---

upon initial review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915.  In his complaint, plaintiff claimed that he "received a large lump on [his] rectum" several days after defendant Pamala Swartz "did a lubricate[d] rectal digital cavity probe." The Court found that plaintiff's allegations failed to state an Eighth Amendment violation against defendant Swartz and did not survive initial review of the complaint. See Taylor v. Huffman Phillips, No. 1:06CV72 CAS, (E.D. Mo.) (Doc. 7, page 7, July 7, 2006).  Whether or not defendant Swartz was present at JCCC was never at issue in that case.  Further, the date of the cell search in 2009 does not correspond with the date plaintiff alleges prejudice to his 2006 case before this Court.

involve the alleged cell search plaintiff is complaining about in relation to these two defendants.  In general, these additional claims refer to the purported punishment plaintiff received for the alleged improper alteration of prison-issued boxer shorts, his assertions that the prison maintained an improper temperature for cells in administrative segregation (too cold), his complaints regarding alleged "denials of communication from classification," and his assertions regarding purported unlawful "mark-ups" in canteen prices.

Plaintiff has been admonished repeatedly by this Court not "to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions, even if they occur at the same correctional institution."  See Taylor v. Rayfield, No. 1:11CV174 SNLJ (E.D. Mo.) (Doc. 8, page 5, March 6, 2012); see also, Taylor v. Huffman Phillips, No. 1:11CV173 SNLJ (E.D. Mo.) (Doc. 7, page 8, March 6, 2012).  Additionally, as recently as May 22, 2012, this Court dismissed, without prejudice, a multitude of claims and defendants, for improper joinder, under Fed.R.Civ.P. 18(a) and 20(a)(2). See Taylor v. Bailey, No. 4:12CV614 CAS, (E.D. Mo.).

Thus, to the extent plaintiff is attempting to once again join a multitude of claims and defendants in the present action, outside of the common claims plaintiff has already articulated against defendants Conrad and Francis relating to the alleged unlawful cell

search, these claims will be dismissed, without prejudice, pursuant to Fed.R.Civ.P. 18(a) and 20(a)(2) for improper joinder.

## Discussion

Plaintiff is suing Unknown Francis and Unknown Conrad in both their individual and official capacities.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."  Id.  As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Francis and Conrad in their official capacities.

Plaintiff's allegations against defendants in their individual capacities for the "unfair" cell search that occurred in 2009 also fails to state a claim for relief.  The Supreme Court has held that the "Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984). In Hudson, the Supreme Court concluded that prisoners do not have a legitimate expectation of privacy and the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells. However, the Court held that the Eighth Amendment protects prisoners from searches conducted only for "calculated

-6-

harassment." Id., 468 U.S. at 530. Plaintiff has not included any facts showing that defendants were engaged in a campaign of "calculated harassment" against plaintiff. Rather, his conclusory statements that the search was "unfair" or "unlawful" fail to state a plausible claim for relief at this time. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-52 (2009) (noting that "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" are not enough to state a plausible claim for relief).

Similarly, plaintiff's assertions that his right of access to courts was violated when defendants removed the two affidavits he was using in the 2006 case before this Court also fails to state a claim. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996).

> Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. Lewis v. Casey, 518 U.S. 343, ----, 116 S. Ct. 2174, 2179, 135 L. Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494-95, 52 L. Ed.2d 72 (1977). To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. Casey, 518 U.S. at ----, 116 S.Ct. at 2180; Bounds, 430 U.S. at 824-28, 97 S. Ct. at 1496-98. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of

meaningful access to the courts. <u>Casey</u>, 518 U.S. at ----, 116

S. Ct. at 2180; <u>Bounds</u>, 430 U.S. at 828, 97 S. Ct. at 1498.

<u>Myers</u>, 101 F.3d at 544.  As noted above, there is a discrepancy in the dates between

when the alleged cell search occurred and when the alleged prejudice occurred.  If the

cell search occurred in 2009, it could not have caused prejudice to a dismissal of a

defendant that occurred in this Court in 2007.  Moreover, despite plaintiff's assertions

to the contrary, the lack of affidavits did not effect the dismissal of defendant Swartz

from his case before this Court.  See <u>Taylor v. Huffman Phillips</u>, No. 1:06CV72 CAS,

(E.D. Mo.) (Doc. 7, page 7, July 7, 2006).  In that case, defendant Swartz was

dismissed on frivolity review, prior to the admission of any evidence on plaintiff's part,

and whether or not defendant Swartz was present at JCCC had nothing to do with her

dismissal from the action.  Thus, the removal of the affidavits from plaintiff's cell had

no effect, whatsoever, on plaintiff's case before this Court and cannot form the basis

of an access to Court's claim in this case.

Additionally, plaintiff's conclusory allegations regarding his lack of recreation

in administrative segregation simply do not implicate constitutionally-protected

interests, because they do not indicate that plaintiff was subjected to an "atypical and

significant hardship . . . in relation to the ordinary incidents of prison life." <u>Sandin v.</u>

<u>Conner</u>, 515 U.S. 472 (1995); <u>see</u> <u>also</u>, <u>Iqbal</u>, 129 S.Ct. at 1950-52.  Plaintiff's

allegations also do not indicate that he has suffered the type of atypical and significant

hardship in which the state might conceivably create a liberty interest.  Cf. id. at 485-86

(no atypical and significant hardship where inmate spent thirty days in solitary

confinement); Jones v. Baker, 155 F.3d 810, 812-13 (6th Cir. 1998)(same; two and a

half years in administrative segregation);  Hemphill v. Delo, 124 F.3d 208 (8th Cir.

1997)(same; four days locked in housing unit, thirty days in disciplinary segregation,

and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d

1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty

days on "on-call" status, as well as loss of higher paying job and numerous privileges);

Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary

detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d

970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and

107 days of less-restrictive disciplinary detention).

     To the extent that plaintiff is attempting to assert a due process claim against

defendants Francis or Conrad based on the loss of his personal property (his broken

crock-pot or his "legal documents"[2]), the allegations fail to state a claim cognizable

under § 1983 and are legally frivolous.  Although the Due Process Clause may be

---

     [2]Taking plaintiff's allegations as true, and accepting as fact that plaintiff did, indeed lose two affidavits during defendants' search of his cell, the Court still takes note that the various IRRs and grievance responses attached to plaintiff's complaint state that defendants took only documents that belonged to the prison library.

implicated when a prisoner suffers a loss of property, if the taking of property by prison officials is intentional and the state provides an adequate post-deprivation remedy, there is no violation of due process.  Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).  Plaintiff does not allege that he lacks an adequate post-deprivation remedy, and, in fact, the State of Missouri provides the post-deprivation remedy of replevin for the recovery of personal property.  See Mo. R. Civ. P. 99.01 - 99.15. Moreover, no due process claim exists if the loss of plaintiff's property was the result of negligence.  See Daniels v. Williams, 474 U.S. 327, 328 (1986); accord Davidson v. Cannon, 474 U.S. 344, 347 (1986); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Last, to the extent plaintiff has alleged any state law claims against defendants, the Court declines to exercise jurisdiction over those claims.  See 28 U.S.C. § 1367(c).

For these reasons, the Court will dismiss this action as to defendants Francis and Conrad, without prejudice.

Accordingly,

-10-

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon plaintiff's complaint with respect to defendants Conrad and Francis because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff is attempting to join a multitude of claims and defendants in the present action, outside of the common claims plaintiff has already articulated against defendants Conrad and Francis relating to the alleged unlawful cell search, these claims will be dismissed, without prejudice, pursuant to Fed.R.Civ.P. 18(a) and 20(a)(2) for improper joinder.

**IT IS FURTHER ORDERED** that to the extent that plaintiff has alleged any state law claims against the named defendants, the Court declines to exercise supplemental jurisdiction over those claims.  See 28 U.S.C. § 1367(c).

-11-

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of June, 2012.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED  STATES  DISTRICT  JUDGE